Joseph A. Brust, J.
Barbara Mizrahi, individually, and as the mother of Marco David Mizrahi, an infant five years old, instituted this action against her infant son Frederick Maurice Mizrahi, one year of age, to impress a trust upon two thirds of the proceeds of a New York lottery ticket which was selected in the October, 1967 lottery for a prize of $100,000. The infant defendant appeared and answered herein by a guardian ad litem appointed by the court. The action was tried by the court without a jury.
David Mizrahi, the husband of the plaintiff Barbara Mizrahi and father of the infants, testified that pursuant to a common plan, concerning which he had informed his wife and two disinterested witnesses, he had purchased on each of several occasions prior to October, 1967, as well as in October, 1967 three New York State lottery tickets. In accordance with this plan, on each occasion, he purchased one ticket in the name of his wife, another ticket in the name of his son Marco and still another ticket in the name of his son Frederick. David Mizrahi further testified that he made these purchases in their individual names for “ good luck ”, and it was his intention that if any of these three tickets were selected as a prize winner, the proceeds of the winning ticket, regardless whose name was inscribed thereon, would be divided equally among his wife and two infant sons. One of these tickets purchased in the October, 1967 lottery was fortuitously drawn for a prize of $100,000, and bore the name of the infant defendant.
Under the rules of the Lottery Commission of the State of New York, the only name in which a check for the prize may be issued is that which appears on the winning ticket, and accordingly, David Mizrahi received from the Lottery Commission a check for $100,000 payable to the infant defendant. It is undisputed that all tickets were purchased by David Mizrahi with his own funds and that he at all times retained possession of these tickets, including the winning ticket.
The guardian ad litem does not deny that it was David Mizrahi’s intention to make a gift of the proceeds of the winning ticket, but contends that the transaction actually constituted a gift inter vivos of the entire proceeds to the infant defendant and that the court is without power to give effect to the donor’s *1023 actual intent that the proceeds be divided three ways, among his wife and two children.
At the conclusion of the. trial, the court made a finding of fact, that it was David Mizrahi’s intention that if any of the lottery tickets purchased by him as afore-mentioned was selected as a prize winner, the proceeds would be shared equally by his wife and two infant sons, regardless whose name appeared on the lucky winning ticket.
The legal issue presented is whether David Mizrahi actually made a valid gift of a winning ticket to his wife and two infant sons. The essence óf a valid gift is the intent of the donor to give something to another; to part with the ownership of that which is given. In the case at bar, David Mizrahi purchased at the same time three tickets in the names of the respective donees intending each to have an equal interest in each ticket, thus constituting an intent to make a gift and transfer ownership of the tickets to the inscribed donees thereof, share and share alike, as to each ticket. This intent is fortified by his acts in purchasing lottery tickets similarly inscribed in their individual names on prior occasions, not knowing at any time which ticket, if any, would be a winning or “lucky” ticket. His intention is further evidenced by his declarations to his wife and others at the time of the purchase of these tickets, prior to the drawing of the winning ticket.
It is true that the rules of the New York State Lottery Commission provide that prize money may only be paid out in the name appearing on the winning lottery ticket. However, this rule does not necessarily apply to the individual rights of persons, as among themselves, who are equitably entitled to the proceeds (Silverman v. McGuiness, 259 F. 2d 731). Indeed, lottery tickets in many instances are the subject of donative intent to divide the winning proceeds in a fashion other than indicated by the name inscribed on the winning ticket.
As to the power of the court to enforce the intent of the donor in equity by means of the declaration of a resulting or constructive trust, even where the acquisition of the property is not wrongful, it was stated in Beatty v. Guggenheim Exploration Co. (225 N. Y. 380, 389 [Cardozo, J.]): “ A court of equity in decreeing a constructive trust is hound by no unyielding formula. The equity of the transaction must shape the measure of relief.”
Judgment is granted impressing a trust on the proceeds of the winning ticket to the extent of one third thereof for each of the plaintiffs.